UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-0033-JMS-TAB |
| | ) | |
| RICHARD TRAVIS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on October 1, 2020, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 16, 2020, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 16, 2020, defendant Richard Travis appeared in person with his appointed counsel, William Dazey. The government appeared by Kyle Sawa, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Angela Smith, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Travis of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Travis questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition had been provided to Mr. Travis and his counsel, who informed the court they had reviewed the Petition and that Mr. Travis understood the violations alleged. Mr. Travis waived further reading of the Petition. The court summarized the allegations.

3.      The court advised Mr. Travis of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Travis was advised of the rights he would have at a preliminary hearing. Mr. Travis waived his right to a preliminary hearing.

4.      The court advised Mr. Travis of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.      Mr. Travis, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

**Violation Number**     **Nature of Noncompliance**

| | |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner."** |

Mr. Travis has submitted positive urinalysis' for cocaine on the following dates: April 20, 2019; December 14, 2019; February 25, 26, 2020; March 3, 2020; and September 21, 2020. On each occasion with the exception of the most recent test, Mr Travis admitted having used cocaine prior to the submission of the test. In addition to the above noted positive test results, Mr. Travis submitted diluted tests on the following dates: April 26, 2019; June 4, 2019; October 4, 2019; November 8, 21, and 25, 2019; and September 10, 2020.

| | |
|---|---|
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment."** |

On September 17, 2020, the probation officer directed Mr. Travis to report for a urinalysis. Mr. Travis did not respond to the initial instruction; therefore, two additional notices were sent to him on that date. He did not respond or report for the urine screen on September 17, 2020.

6. The court placed Mr. Travis under oath and directly inquired of Mr. Travis whether he admitted violations 1 and 2 of his supervised release set forth above. Mr. Travis admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Travis's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of Mr. Travis's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed that revocation is mandatory in this case. The government argued for a sentence of twelve (12) months with no supervised release to follow. The defendant argued for a lesser sentence. The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW**

**FINDS** that the defendant, RICHARD TRAVIS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with six (6) months of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

16. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: Conditions 14-16 are recommended given the offender's history of substance abuse and his prior criminal history for narcotics possession. This condition will assist in monitoring his sobriety and assist in provided substance abuse services if necessary.

17. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    Justification: This condition is recommended given the offender's criminal history including illegal weapons possession, weapons possession and narcotics possession, as well as substance abuse. This will assist in monitoring his compliance on supervision and add a measure of protection for the community.

18. You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

    Justification: This condition is recommended given the offender's violation of societal rules and will address his dynamic risk factors.

Defendant Travis's counsel reviewed the foregoing conditions with the defendant, and the defendant, on the record, waived reading of those conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

The parties were advised at the hearing and are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Travis's supervised release, imposing a sentence of imprisonment

of eight (8) months with six (6) months of supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

    IT IS SO RECOMMENDED.

Date: 10/23/2020

    *Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system